UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FMC CORPORATION,

                Plaintiff,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,

                Defendants.

**DECISION AND ORDER**
14-CV-487S

1. In this action, Plaintiff FMC Corporation sought a declaration of rights and obligations in connection with an environmental remediation project in Middleport, New York. On February 1, 2017, this Court granted Defendant United States Environmental Protection Agency's ("EPA") motion to dismiss the complaint for lack of subject-matter jurisdiction. (Docket No. 24.) The Clerk of Court entered judgment in EPA's favor the next day. (Docket No. 25.)

2. On March 2, 2017, FMC filed a motion to vacate the judgment under Rule 59 (e) of the Federal Rules of Civil Procedure and for leave to file an amended complaint under Rule 15 to add a claim over which it contends this Court would have subject-matter jurisdiction. (Docket Nos. 26, 29.) EPA opposes the motion. (Docket No. 28.) For the following reasons, FMC's motion is denied.

3. Rule 59 (e) allows for alteration or amendment of a judgment upon motion filed no later than 28 days after its entry. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might

1

reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). Relief can also be granted to "correct a clear error or prevent manifest injustice." Int'l Ore & Fertilizer Corp. v. SGS Control Servs., Inc., 38 F.3d 1279, 1287 (2d Cir. 1994) (quoting Virgin Atl. Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).

4. The rule is not, however, "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). Nor is it "an opportunity for a party to 'plug[ ] the gaps of a lost motion with additional matters.'" Cruz v. Barnhart, No. 04 Civ. 9794 (DLC), 2006 WL 547681, at *1 (S.D.N.Y. Mar. 7, 2006) (quoting Carolco Pictures Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). The decision to grant a Rule 59 (e) motion falls within the sound discretion of the court. New York v. Holiday Inns, Inc., No. 83-CV-564S, 1993 WL 30933, at *4 (W.D.N.Y. 1993). Nonetheless, relief under Rule 59 (e) "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Universal Trading & Inv. Co. v. Tymoshenko, No. 11 Civ. 7877 (PAC), 2013 WL 1500430, at *1 (S.D.N.Y. Apr. 10, 2013) (citing Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)).

5. Here, FMC does not point to controlling decisions or data that this Court overlooked. Rather, it maintains that before entering judgment, this Court should have permitted it time to file a motion to amend its complaint to add a cause of action over which this Court would purportedly have subject-matter jurisdiction.

6. Leave to amend is to be freely granted when justice so requires. See Fed. R. Civ. P. 15 (a)(2). This liberal standard is in line with the Second Circuit's "strong preference for resolving disputes on the merits." New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) (internal quotation marks and citation omitted). But when "a party does not seek leave to file an amended complaint until after judgment is entered, Rule 15's liberality must be tempered by considerations of finality." Williams v. Citigroup Inc., 659 F.3d 208, 213 (2d Cir. 2011). Therefore, the party seeking post-judgment leave to amend a complaint must first have the judgment vacated or set aside. See Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008); see also Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf, 930 F.2d 240, 245 (2d Cir. 1991). This procedural requirement balances the liberal amendment rules with the philosophy favoring finality of judgments and the expeditious termination of litigation. See Nat'l Petrochemical, 930 F.2d at 245 (citations omitted). In assessing such Rule 59 (e) motions, district courts may consider the nature of the proposed amendments in determining whether to vacate, amend, or alter the previously entered judgment. See Williams, 659 F.3d at 213 ("postjudgment motions for leave to replead must be evaluated with due regard to both the value of finality and the policies embodied in Rule 15); see also Ruotolo, 514 F.3d at 191.

7. Here, FMC's motion is long on reasons why it should be permitted to amend its complaint but short on cause for vacatur of the judgment to allow it to procedurally do so. In the absence of controlling decisions or data that this Court overlooked, FMC must demonstrate that vacatur is necessary to "correct a clear error or prevent manifest injustice." Int'l Ore & Fertilizer, 38 F.3d at 1287.

8. FMC first argues that this Court erred by denying it the opportunity to seek leave to add a RCRA claim before entering judgment. See Docket No. 26-1, pp. 6, 12. This contention is simply incorrect. At no time did FMC seek leave to amend its complaint. Despite knowing that it may have a RCRA claim—as evidenced by references to RCRA in its opposition papers, see Docket No. 9—at no point during the two and one-half years the motion to dismiss was litigated and pending did FMC move to amend its complaint or seek leave to do so. It is not this Court's role to invite motions, nor is this Court obligated to delay entry of judgment to afford a party the opportunity to file further motions. To the extent FMC argues that this Court erred by not *sua sponte* granting leave to amend, it is mistaken. See Williams, 659 F.3d at 212 (rejecting argument that court must grant leave to amend *sua sponte* before entering judgment). In any event, it is certainly not clear error or a manifest injustice to enter judgment immediately following a decision ending a case, which is the long-standing practice in this district.[1] Put simply, this Court is not to blame for FMC's failure to act before entry of judgment. See id. ("We have described the contention that the District Court abused its discretion in not permitting an amendment that was never requested as frivolous.").

9. In its reply papers, FMC shifts its argument to blame its failure to act on the stay of proceedings applicable to its motion for summary judgment. (Docket No. 29, p. 5.) Some 19 months after EPA filed its motion to dismiss, this Court granted EPA's motion to stay proceedings related to FMC's motion for summary judgment until such time

---

1 Notably, FMC offers no authority for the proposition that the entry of judgment immediately following this Court's decision granting EPA's motion to dismiss constitutes error, let alone clear error.

as EPA's first-filed motion to dismiss was resolved. (Docket No. 18.) That order related only to proceedings involving FMC's motion for summary judgment. But FMC now cites this stay as a post-hoc reason for its failure to act, claiming that it "followed the direction of the Court and did not attempt to file other motions, including a motion for leave to amend, during that stay." (Docket No. 29, p. 5.) By its clear terms, however, this stay applied only to the briefing of FMC's motion for summary judgment. At no time did this Court direct that no other motions be filed, and the suggestion that it did so, and that FMC would otherwise have sought to amend its complaint, borders on disingenuous. But even assuming such misplaced reliance on the stay, FMC offers no explanation for why it failed to act in the 19 months between the filing of EPA's motion to dismiss and the entry of the stay. Plainly, the narrow stay had no impact on FMC's ability or opportunity to act to amend its complaint.

10. In further assessing FMC's motion, this Court has considered the liberal amendment rules in balance with the interests favoring finality of judgments and the expeditious termination of litigation. See Williams, 659 F.3d at 213; Nat'l Petrochemical, 930 F.2d at 245. FMC seeks to add a cause of action that it could have sought to add at any point in this litigation. But this Court need not fully examine this purported claim because there is no valid basis to vacate the judgment. See Nat'l Petrochemical, 930 F.2d at 245 ("Unless there is a valid basis to vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the complaint.") FMC had ample opportunity to act to amend its complaint before entry of judgment and simply failed to do so. Consequently, the interests of finality prevail. FMC's motion to vacate the judgment

under Rule 59 (e) and to amend its complaint is therefore denied.  See State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld, 921 F.2d 409, 418 (2d Cir. 1990) (citations omitted) ("When the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly.").

IT HEREBY IS ORDERED, that Plaintiff's Motion to Vacate Judgment under Rule 59 (e) and to Amend its Complaint (Docket No. 26) is DENIED.

SO ORDERED.

Dated:  June 6, 2018
        Buffalo, New York

        /s/William M. Skretny
        WILLIAM M. SKRETNY
        United States District Judge